# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

SPENCER D. JOHNSON,

        Plaintiff,

  v.

JENNIFER WINKELMAN, DAVID SPARKS, and TRAVIS WELCH,

        Defendants.

Case No. 3:25-cv-00295-SLG

## SCREENING ORDER

On October 22, 2025, self-represented prisoner Spencer D. Johnson ("Plaintiff") filed a civil complaint, a civil cover sheet, an application to waive prepayment of the filing fee, and affidavits of two other prisoners.[1] On October 20, 2025, Plaintiff filed a request for production of documents.[2] Plaintiff's claims appear to relate to events that allegedly occurred while he was serving a sentence at the Spring Creek Correctional Center ("Spring Creek") in the custody of the Alaska Department of Corrections ("DOC").[3] Plaintiff's Complaint alleges that he was

---

[1] Dockets 1-4.

[2] Docket 4.

[3] Plaintiff's Complaint does not specifically address whether he was a pretrial detainee or convicted prisoner, but the publicly available records of the Alaska Court System demonstrate that Plaintiff was convicted on criminal charges in two cases in 2020 and shows no new charges filed against Plaintiff since then. The docket records of the Alaska Court System may be accessed online at https://courts.alaska.gov/main/search-cases.htm. *See also State of Alaska vs. Johnson, Spencer Daniel,* Case No. 3SW-20-00067CR, Docket Entry 05/05/2020 ("Case disposed with disposition of Guilty Plea at Arraignment on 05/05/2020"); *State of Alaska vs. Johnson, Spencer Daniel,* Case No. 3SW-19-00111CR, Docket Entry 10/16/2020 ("Case disposed with disposition of Guilty Plea After Arraignment on 10/16/2020").

denied adequate medical treatment after his eardrum ruptured in December 2023.[4] Plaintiff claims that a physician's assistance recommended surgery, but that the surgery was denied by DOC's Medical Advisory Committee ("MAC"). Plaintiff names the MAC Supervisor David Sparks, DOC Commissioner Winkelman, and DOC Director of Health and Rehabilitative Services Travis Welch as Defendants. For relief, Plaintiff seeks $3,000,000.00 in damages, $600,000.00 in punitive damages, and an order requiring DOC to let the physicians/physician assistants "do their jobs" and require the MAC to "use funds for surgery instead of cost-effective strategy that is currently used."[5]

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[6] In this screening, a district court shall dismiss the complaint at any time if the court determines that the complaint:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[7]

---

[4] Docket 1 at 3.

[5] Docket 1 at 7.

[6] 28 U.S.C. §§ 1915, 1915A.

[7] 28 U.S.C. § 1915(e)(2)(B).

Case No. 3:25-cv-00295-SLG, *Johnson v. Winkelman, et al.*
Screening Order
Page 2 of 13
Case 3:25-cv-00295-SLG   Document 7   Filed 02/27/26   Page 2 of 13

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the complaint in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[8] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[9] Although generally the scope of review is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[10] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[11]

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[12] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[13]

---

[8] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).

[9] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

[10] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[11] *Sprewell,* 266 F.3d at 988 (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[12] *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987) ("Without the benefit of a statement of deficiencies, the pro se litigant will likely repeat previous errors.").

[13] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

Case No. 3:25-cv-00295-SLG, *Johnson v. Winkelman, et al.*
Screening Order
Page 3 of 13
Case 3:25-cv-00295-SLG    Document 7    Filed 02/27/26    Page 3 of 13

## DISCUSSION

### I. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[14] A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[15]

### II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statute.[16] To act under color of state law, a complaint must allege that the defendant acted with state authority as a state actor.[17] To be deprived of a right, the defendant's action must either violate a right guaranteed by the Constitution or an enforceable right created by a federal statute.[18] Section 1983 does not confer

---

[14] Fed. R. Civ. P. 8(a)(2).

[15] *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).

[16] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[17] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

[18] *Gonzaga Univ. v. Doe,* 536 U.S. 273 (2002). *See also* Health & Hosp. Corp. of Marion Cnty. v.

Case No. 3:25-cv-00295-SLG, *Johnson v. Winkelman, et al.*
Screening Order
Page 4 of 13
Case 3:25-cv-00295-SLG    Document 7    Filed 02/27/26    Page 4 of 13

constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[19]

A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[20]

A supervisor can be held liable in his or her individual capacity under § 1983 only if (1) the supervisor personally participated in the constitutional violation, or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."[21]

### III. Inadequate Medical Care Claims under the Eighth Amendment

"Individuals in state custody have a constitutional right to adequate medical treatment."[22] Plaintiff appears to have been a convicted prisoner during the alleged events giving rise to his claims, [23] so his claims must be brought under the Eighth Amendment.[24] To state a plausible inadequate medical care claim under the Eighth

---

Talevski, 599 U.S. 166 (2023); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

[19] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[20] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[21] *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quotation omitted).

[22] *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 667-69 (9th Cir. 2021).

[23] *See supra* n.3.

[24] *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) ("Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees

Amendment, a plaintiff must plead sufficient facts, that if accepted as true, support each of the following elements:

    (1)    the plaintiff faced a serious medical need;

    (2)    the defendant was deliberately indifferent to that serious medical need: that is, the defendant knew of the plaintiff's serious medical need and disregarded it by failing to take reasonable measures to address it; and

    (3)    the defendant's act or failure to act caused harm to the plaintiff.[25]

The Eighth Amendment does "not require the highest quality of health care [or] the community standard of health care."[26] Rather, a prisoner must show that "the course of treatment the official chose was medically unacceptable under the circumstances and that the official chose this course in conscious disregard of an excessive risk to the plaintiff's health."[27]

Plaintiff's Complaint fails to allege any facts that any of these Defendants knew that Plaintiff faced a serious medical need, and that each Defendant then

---

are entitled to the potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment.").

[25] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.27 and the cases cited therein.

[26] *Jensen v. Shinn,* 609 F. Supp. 3d 789, 796 (D. Ariz. 2022).

[27] *Edmo v. Corizon, Inc.*, 935 F.3d 757, 786 (9th Cir. 2019) (alterations and citation omitted).

failed to take reasonable measures to address that need.[28] Therefore, Plaintiff has not stated a plausible claim for deliberate indifference against any Defendant.

## IV. Filing an Amended Complaint

Plaintiff will be given an opportunity to file an amended complaint to attempt to correct the deficiencies identified in this order.

An amended complaint replaces the prior complaint in its entirety.[29] An amended complaint must not expand the scope of the case by adding new unrelated parties or claims. An amended complaint must contain separately numbered, clearly identified allegations. If handwritten, it must be legible. The amended complaint should identify the specific injury that the plaintiff is alleging was caused by each defendant, when that injury occurred, and where that injury occurred. In addition, the allegations of the amended complaint should be set forth in sequentially numbered short paragraphs, with no paragraph number being repeated anywhere in the amended complaint. Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances." Plaintiff should attach to his amended complaint any documentation from the MAC denying a request for surgery.

---

[28] *Id.* (citation omitted).

[29] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

Case No. 3:25-cv-00295-SLG, *Johnson v. Winkelman, et al.*
Screening Order
Page 7 of 13
Case 3:25-cv-00295-SLG    Document 7    Filed 02/27/26    Page 7 of 13

If Plaintiff files an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether that complaint may proceed to the next stage of litigation. Should the amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

### V. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[30] The "three strikes" provision is "designed to filter out the bad claims and facilitate consideration of the good."[31] If a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, he was under imminent danger of serious physical injury, and that danger is fairly traceable to the unlawful conduct of the defendants alleged in the complaint and redressable by the Court.[32] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's

---

[30] 28 U.S.C.A. § 1915(g).

[31] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[32] 28 U.S.C. § 1915(g); *see also Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

Case No. 3:25-cv-00295-SLG, *Johnson v. Winkelman, et al.*
Screening Order
Page 8 of 13
Case 3:25-cv-00295-SLG    Document 7    Filed 02/27/26    Page 8 of 13

head."[33] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[34]

## VI. Plaintiff's additional filings

At Docket 4, Plaintiff included affidavits of two other prisoners. The Affidavit of George M. Romero states generally that the MAC, DOC medical providers, and DOC standards officers who screen grievances "employ deny, delay, and dispose tactics that results in irreparable and irreversible physical and emotional damage" and describes Mr. Romero's own alleged medical issues.[35] The Affidavit of Ray Helveston begins with nearly identical "deny, delay, dispose" language, although Mr. Helveston describes his own alleged medical issues as well as his alleged observations of Plaintiff's injuries.[36]

Although a court may consider documents attached to a complaint, documents incorporated by reference in the complaint, or matters of judicial notice, the scope of review at the screening stage is generally limited to the contents of the complaint.[37] A plaintiff does not need to file exhibits or evidence to prove his case at the screening stage of the case. Instead, all necessary information must

---

[33] *Andrews v. Cervantes,* 493 F.3d 1047, 1056 (9th Cir. 2007) (cleaned up).

[34] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[35] Docket 4.

[36] Docket 4-1.

[37] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

Case No. 3:25-cv-00295-SLG, *Johnson v. Winkelman, et al.*
Screening Order
Page 9 of 13
Case 3:25-cv-00295-SLG    Document 7    Filed 02/27/26    Page 9 of 13

be included within the body of the amended complaint itself.[38] Further, insofar as they describe other prisoners' medical issues, they have little relevance to Plaintiff's claim, because to state a viable medical deliberate indifference claim, Plaintiff must allege plausible facts that DOC officials were deliberately indifferent to his serious medical needs, not the medical needs of other inmates.

### VII. Plaintiff's motion for his medical records

Plaintiff filed a "Request for Production" alleging that he has been unable to get copies of his medical records from DOC.[39] Plaintiff alleges that DOC wanted him to sign some sort of release agreement not to use his medical records in court.[40] Prisoners generally have a right to access their medical records, but must comply with DOC's established procedures for accessing records.[41]

A plaintiff need not file medical records at the complaint stage of a case. If this case proceeds beyond screening stage, the Court will order service on Defendants and issue an order setting a schedule for discovery and dispositive motions. Thereafter, Plaintiff may seek his medical records from Defendants through the normal discovery process if he has been otherwise unable to obtain them. Neither party may file motions concerning discovery issues without first

---

[38] *See Amina v. WMC Finance Co.,* 329 F.Supp.3d 1141 (D. Hawai'i 2018).

[39] Docket 5.

[40] Docket 1 at 4.

[41] *See* State of Alaska Department of Corrections Policy and Procedure 807.06 (establishing procedures for access to prisoner health care records).

Case No. 3:25-cv-00295-SLG, *Johnson v. Winkelman, et al.*
Screening Order
Page 10 of 13
Case 3:25-cv-00295-SLG    Document 7    Filed 02/27/26    Page 10 of 13

seeking, in good faith, to resolve the matter with the other party as required by Rule 37(a), Federal Rules of Civil Procedure.[42]

For these reasons, Plaintiff's request at Docket 5 is DENIED without prejudice.

**IT IS THEREFORE ORDERED:**

1.  Plaintiff's Complaint at **Docket 1 is DISMISSED** for failure to state a plausible claim.

2.  Plaintiff must review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[43] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

3.  Plaintiff is accorded **60 days** from the date of this order to file either:

    a.  First Amended Complaint, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended

---

[42] Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); *see also* District of Alaska Local Civil Rule 37.1. ("The certification required by Fed. R. Civ. P. 37(a)(1) must be in the first paragraph of a discovery motion.").

[43] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to "counsel" or "attorneys" also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:25-cv-00295-SLG, *Johnson v. Winkelman, et al.*
Screening Order
Page 11 of 13
Case 3:25-cv-00295-SLG    Document 7    Filed 02/27/26    Page 11 of 13

complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case. A Notice of Voluntary dismissal does not count as a strike.

4. If Plaintiff does not file either an Amended Complaint or Notice of Voluntary Dismissal on the Court's form**,** the case shall be dismissed under 28 U.S.C. § 1915(e)(2)(B) as a strike and without further notice to Plaintiff.

5. Plaintiff's application to waive *prepayment* of the filing fee at **Docket 3 is GRANTED.** Federal law only allows the Court to waive a prisoner's *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[44] Should Plaintiff proceed with this lawsuit and sufficiently plead a claim for relief in an amended complaint, the Court will issue a separate order for the collection of the $350 filing fee from Plaintiff's prisoner trust account.

6. If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of the filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[45] Failure to comply may result

---

[44] 28 U.S.C. § 1915(b)(1)&(2).

[45] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

Case No. 3:25-cv-00295-SLG, *Johnson v. Winkelman, et al.*
Screening Order
Page 12 of 13
Case 3:25-cv-00295-SLG   Document 7   Filed 02/27/26   Page 12 of 13

in dismissal of this action.

7. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[46] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

8. Plaintiff's motion for his medical records at **Docket 5 is DENIED without prejudice as premature at this time.**

9. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 27th day of February, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[46] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:25-cv-00295-SLG, *Johnson v. Winkelman, et al.*
Screening Order
Page 13 of 13
Case 3:25-cv-00295-SLG    Document 7    Filed 02/27/26    Page 13 of 13